# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FUSION ELITE ALL STARS and SPIRIT FACTOR LLC D/B/A FUEL ATHLETICS, Individually and on Behalf of All Others Similarly Situated<br><br>    Plaintiffs,<br><br>  v.<br><br>VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; and U.S. ALL STAR FEDERATION, INC.,<br><br>    Defendants. | **Civ. Action No. 2:20-cv-03390** |
| STARS AND STRIPES GYMNASTICS ACADEMY INC. D/B/A STARS AND STRIPES KIDS ACTIVITY CENTER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; and U.S. ALL STAR FEDERATION, INC.,<br><br>    Defendants. | **Civ. Action No. 2:20-cv-03277** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO TRANSFER CASES TO THE WESTERN DISTRICT OF TENNESSEE

## <u>TABLE OF CONTENTS</u>

INTRODUCTION.................................................................................................................1

STATEMENT OF FACTS.................................................................................................2

ARGUMENT.......................................................................................................................4

I.  The Cases Are Subject to Transfer Under 28 U.S.C. § 1404(a).................................4

II. The Cases Should be Transferred to the Western District of Tennessee......................5

    A.  The Private Factors Weigh Heavily in Favor of Transfer ................................5

    B.  The Public Factors Are Neutral or Weigh in Favor of Transfer......................8

    C.  The Cases Should be Transferred to the Western District of Tennessee...........9

CONCLUSION ....................................................................................................................9

## TABLE OF AUTHORITIES

**Federal Cases**

*All in One Networking, Inc. v. Florida House Experience Mgmt. Corp.*,
   No. 18-2796, 2019 WL 481172 (E.D. Pa. Feb. 7, 2019) ....................................................4-5, 9

*Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for W.D. Tex.*,
   571 U.S. 49 (2013)..................................................................................................................5

*Dress v. Capital One Bank (USA), N.A.*,
   368 F. Supp. 3d 178 (D. Mass. 2019) ...............................................................................5, 7, 9

*Emerson v. Toyota Motor North America, Inc.*,
   No. 14-cv-02842-JST, 2014 WL 6985183 (N.D. Cal. Dec. 9, 2014) .........................................8

*Fed. Housing Finance v. First Tennessee Bank*,
   856 F. Supp. 2d 186 (D.D.C. 2012) .......................................................................................7

*Flood v. Carlson Restaurants, Inc.*,
   94 F. Supp. 3d 572 (S.D.N.Y. 2015) ......................................................................................8

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) .................................................................................................7

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ....................................................................................................4

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) .................................................................................................7

*Lucas v. Daiichi Sankyo Co.*,
   No. C11-0772 CW, 2011 WL 2020443 (N.D. Cal. May 24, 2011).........................................7-8

*M&N Plastics, Inc. v. Sebelius*,
   997 F. Supp. 2d 19 (D.D.C. 2013) ......................................................................................7, 9

**Federal Statutes**

28 U.S.C. § 1391(b) ...................................................................................................................4-5

28 U.S.C. § 1404(a) ...................................................................................................................4, 7

Defendants Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashion & Supplies, LLC (the "Varsity Defendants") and United States All-Star Federation, Inc. ("USASF") hereby submit this memorandum of law in support of their motion to transfer the above-captioned cases to the United States District Court for the Western District of Tennessee.

## INTRODUCTION

This case should be transferred to the Western District of Tennessee, where nearly all of the witnesses and evidence are located, where the main defendants are headquartered, and where nearly all of the conduct at issue occurred.  Plaintiffs, by contrast, are located in California, Michigan, and Florida and have no apparent connections to this district at all.  Seeking to represent a nationwide class, they have filed almost word-for-word verbatim complaints asserting that Defendants have through their business practices monopolized and conspired to monopolize certain cheerleading competitions and the sale of certain cheerleading-related apparel.

Plaintiffs did not even initiate this litigation in this district.  Rather, the first complaint was filed by the California Plaintiff in the Northern District of California.  But after the case was assigned to Judge White in Oakland, the California Plaintiff suddenly dismissed its complaint and refiled it here.  Just before that happened, the Michigan Plaintiff filed its virtually word-for-word copy of the California complaint here.

Plaintiffs' choice of forum accordingly should be afforded little or no weight, given that they have no connection to this district, they seek to represent a nationwide class, and the California Plaintiff at least has engaged in obvious forum- and judge-shopping.

## STATEMENT OF FACTS

Plaintiffs are located in Hollister, California; Altamonte Springs, Florida; and Clarkston, Michigan.  (Compl. ¶¶ 24-25; Stars and Stripes Compl. ¶ 24.)[1]  They have no alleged or apparent connection to the Eastern District of Pennsylvania.  They seek to pursue antitrust claims on behalf of a nationwide class against the three Varsity Defendants and USASF.  The Varsity Defendants that run the businesses at issue and USASF all have their principal places of business in Memphis, Tennessee and all of the Defendants are incorporated in states other than Pennsylvania.  (*See* Compl. ¶¶ 26-30.)

The gravamen of Plaintiffs' allegations are that the Varsity Defendants used discounting and exclusive dealing arrangements, acquisition of competitors, and control over USASF to monopolize the so-called nationwide "All-Star [Cheerleading] Competition" and "All-Star [Cheerleading] Apparel" markets.  (*See* Compl. ¶¶ 1-16.)  USASF is said to have "conspired" with the Varsity Defendants to monopolize the same so-called markets.  (*See* Compl. ¶¶ 181-94.)

Memphis and the Western District of Tennessee is the locus of relevant activity and evidence.  A substantial portion, if not all, of the relevant books and records of the Defendants are located in Memphis.  (Newby Decl. ¶ 6; Peterson Decl. ¶ 3.)  The individuals identified in the Complaints and the key employees responsible for the areas of the Varsity Defendants' business implicated by the complaints likewise reside in the Memphis area.  (Newby Decl. ¶¶ 8-9.)  The Varsity Defendants' discount programs that Plaintiffs challenge were put forward from Memphis.

---

[1] References to "Compl." are to the complaint in *Fusion Elite All Stars v. Varsity Brands, LLC*, No. 2:20-cv-03390 (E.D. Pa. filed July 10, 2020).  References to "Stars and Stripes Compl." are to the complaint in *Stars and Stripes Gymnastics Academy Inc. v. Varsity Brands, LLC*, No. 2:20-cv-03277 (E.D. Pa. filed July 2, 2020).  The complaints are identical except that, because the Fusion complaint has one extra paragraph (paragraph 25) identifying the additional Plaintiff in that case, the paragraph numbers in the Fusion complaint after paragraph 25 are one higher than those of the corresponding identical paragraphs in the Stars and Stripes complaint.  For that reason, in the remainder of this memorandum, only references to the Fusion complaint are provided.

(Newby Decl. ¶ 7.)  Nearly all of the events referenced in the Complaints, including negotiations

of the relevant contracts and acquisitions, occurred in Memphis.  (Newby Decl. ¶ 7.)

The Eastern District of Pennsylvania was not the original forum for these claims.

Plaintiffs' first complaint was filed in the Northern District of California on May 26, 2020 by the

California Plaintiff, Fusion Elite All Stars ("Fusion Elite").  (Kaiser Decl. ¶ 1.)  Fusion Elite

requested that the Defendants waive service, which each of them did.  (Kaiser Decl. ¶ 3.)  The case

was assigned to Judge Jeffrey S. White in Oakland and a scheduling order was entered.  (Kaiser

Decl. ¶ 2.)  A month later, on July 2, 2020, the Michigan Plaintiff, Stars and Stripes Gymnastics

Academy Inc., D/B/A Stars and Stripes Kids Activity Center ("Stars and Stripes"), filed its

complaint in this Court.  (Kaiser Decl. ¶ 4.)  On July 7, 2020, the Varsity Defendants agreed to

waive service of that complaint, and USASF agreed to waive service of that complaint on July 16,

2020.  (Kaiser Decl. ¶ 6.)  On July 7, 2020, Fusion Elite dismissed its case in the Northern District

of California and, within days, refiled its California complaint in this Court, joined now by the

Florida Plaintiff, Spirit Factor LLC D/B/A Fuel Athletics ("Spirit Factor").  (Kaiser Decl. ¶¶ 5, 7.)

The Varsity Defendants and USASF agreed to waive service of that complaint as well.  (Kaiser

Decl. ¶ 8.)

Both Complaints filed in this Court are word-for-word identical to each other and to the

complaint Fusion Elite filed in the Northern District of California, except for the paragraphs where

the Plaintiffs are identified (*see* Compl. ¶¶ 24-25; Stars and Stripes Compl. ¶ 24) and the addition

of a list of twelve competitions that the Defendants allegedly "organize, promote, produce, and/or

manage in this District" (Compl. ¶ 20).  (Kaiser Decl. ¶ 9.)  This list represents a fraction of the

more than four hundred competitions that the Varsity Defendants annually "organize, promote,

produce, and/or manage" across the United States, the vast majority of which are not held in the

Eastern District of Pennsylvania.  (Newby Decl. ¶ 10.)  None of the three specific competitions on

which the Complaints focus ("Worlds, The Summit, and U.S. Finals" (Compl. ¶ 61)), are conducted in this district.  (Newby Decl. ¶ 10; Peterson Decl. ¶ 6.)  In any event, the location of the competitions does not appear to have any relevance to Plaintiffs' claims, which are based on nationwide markets.  (*See* Compl. ¶¶ 92, 113.)

**ARGUMENT**

### I.  The Cases Are Subject to Transfer Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  *See also All in One Networking, Inc. v. Florida House Experience Mgmt. Corp.*, No. 18-2796, 2019 WL 481172 (E.D. Pa. Feb. 7, 2019) (dismissing complaint in favor of transfer to the Southern District of Florida).  "[S]ection 1404(a) was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

Venue would be proper in the Western District of Tennessee, as it is a district in which the cases could have been originally brought.  *See* 28 U.S.C. § 1391(b) (providing for venue where "any defendant resides"; where "a substantial part of the events or omissions giving rise to the claim occurred"; and in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action").  The Defendants that operate the enterprises at issue reside in the Western District of Tennessee, a "substantial portion of the events or omissions [allegedly] giving rise to the claim occurred" in the Western District of Tennessee, and all of the Defendants are "subject to the [Western District of Tennessee's] personal jurisdiction with respect to [this] action."  *Id.*

4

## II.   The Cases Should be Transferred to the Western District of Tennessee

"When a district court is presented with an issue regarding transfer under 1404(a), it is to consider public and private interest factors." *All in One Networking*, 2019 WL 481172 at *2.  The private interest factors include:  1) "plaintiff's forum preference as manifested in the original choice"; 2) "the defendant's preference"; 3) "whether the claim arose elsewhere"; 4) "the convenience of the parties as indicated by their relative physical and financial condition"; 5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and 6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (quoting *Jumara*, 55 F.3d at 879).  The public interest factors include: 1) "the enforceability of the judgment"; 2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; 3) "the relative administrative difficulty in the two fora resulting from court congestion"; 4) "the local interest in deciding local controversies at home"; 5) "the public policies of the fora"; and 6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (quoting *Jumara*, at 879-80).  Although public interest factors are considered, they "will rarely defeat a transfer motion." *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for W.D. Tex.*, 571 U.S. 49, 51, 64 (2013).

### A.   The Private Factors Weigh Heavily in Favor of Transfer

All of the private factors other than Plaintiffs' current choice of forum weigh in favor of transfer.  Of these factors, the "convenience of witnesses is an extremely important, if not the most important, factor to be analyzed in determining whether to change a litigation's venue." *Dress v. Capital One Bank (USA), N.A.*, 368 F. Supp. 3d 178, 182 (D. Mass. 2019) (internal quotation marks omitted).  Plaintiffs name two living individuals as key figures in their complaints (*see* Compl. ¶¶ 55, 68), both of whom are residents of the Western District of Tennessee and neither of

which would be subject to a trial subpoena in the Eastern District of Pennsylvania.  (Newby Decl. ¶ 9.)  In addition, the vast majority of the lead Varsity employees responsible for the implicated business operations live and work in the Memphis area.  (Newby Decl. ¶ 8.)

The other private factors also weigh in favor of transfer.  Defendants prefer the Western District of Tennessee (factor 2).  The alleged claims arise out of corporate actions that Defendants took in the Western District of Tennessee (factor 3), including the discount and other programs that Varsity offered and the decisions that USASF made in terms of approving event producers to conduct USASF-sanctioned competitions.[2]  (Newby Decl. ¶ 7; Peterson Decl. ¶ 4)  There are no allegations that any relevant conduct took place in the Eastern District of Pennsylvania.  The books and records (factor 6) are all largely in the Western District of Tennessee.  (Newby Decl. ¶ 6; Peterson Decl. ¶ 3.)  As to "the convenience of the parties" (factor 4), the Western District of Tennessee would be far more convenient for the Defendants, and in particular for USASF, which is a Tennessee nonprofit and will experience a substantial financial burden if forced to litigate outside the District where it resides.  By contrast, Plaintiffs are located in California, Michigan, and Florida and have therefore already committed to litigating a case far from their home districts.  Indeed, the *only* apparent connection that Plaintiffs have with Philadelphia is that they have chosen Philadelphia-based counsel to represent them, but that is irrelevant.  *See, e.g.*, *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) ("the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)").

---

[2] In fact, USASF entered into agreements with these event producers pursuant to which they agree to comply with USASF's rules applicable to USASF-sanctioned events. (Peterson Decl. ¶ 4.)  These agreements contain a venue provision requiring all disputes relating to the agreements to be litigated in Shelby County, Tennessee.  (*Id.*)  In other words, certain members of Plaintiffs' proposed class—those gyms which both have entered into such agreements with USASF and have paid Varsity or any Varsity subsidiary for fees and expenses associated with participating in competitions or apparel—have actually agreed to litigate disputes against USASF in the Western District of Tennessee.  (Peterson Decl. ¶ 5.)

While a "plaintiff's forum preference as manifested in the original choice" (factor 1) often weighs against transferring venue, it does not do so here.  The California Plaintiff's original choice was the Northern District of California, not this district.  "Where the chosen forum is not the plaintiff's home forum or where there is an insubstantial factual nexus between the cases and the plaintiff's chosen forum, deference to the plaintiff's choice of forum is … weakened." *Fed. Housing Finance v. First Tennessee Bank*, 856 F. Supp. 2d 186, 192 (D.D.C. 2012) (internal quotation marks omitted); *see also Lucas v. Daiichi Sankyo Co.*, No. C11-0772 CW, 2011 WL 2020443, at *2 (N.D. Cal. May 24, 2011) ("[T]he plaintiff's selection of forum has minimal value where the plaintiff is not a resident of the judicial district in which the suit commenced.").  In addition, Plaintiffs' choice of forum should receive little deference because the cases are identical putative class actions in which they seek to represent a nationwide class.  *See, e.g.*, *Dress*, 368 F. Supp. 3d at 182 ("Plaintiff's choice of forum is given considerably less weight because she brings a putative class action on behalf of persons across the country."); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (affirming transfer and holding that "when an individual … represents a class, the named plaintiff's choice of forum is given less weight").

Moreover, Plaintiffs' forum shopping should eliminate entirely any weight that might otherwise be given to their current preference.  *See, e.g., Dress*, 368 F. Supp. 3d at 184 ("Where it appears the plaintiff forum shopped, plaintiff's selection of forum is not entitled to any weight."); *M&N Plastics, Inc. v. Sebelius*, 997 F. Supp. 2d 19, 26 (D.D.C. 2013) (granting transfer and concluding that plaintiffs' assertion that they were not forum shopping "stretch[es] the Court's credulity" where plaintiff first filed suit in their home district, dismissed their original action, and then refiled in a district that was hundreds of miles away).  "The more it appears the decision is motivated by forum shopping reasons, the less deference will be accorded to it." *Flood v. Carlson Restaurants, Inc.*, 94 F. Supp. 3d 572, 576 (S.D.N.Y. 2015) (internal quotation marks omitted); *see*

*also Lucas*, 2011 WL 2020443 at *4 ("Evidence of forum-shopping by a plaintiff supports a defendant's motion to transfer venue.").

The forum- and judge-shopping is blatant here. The first filed case was California Plaintiff Fusion Elite's complaint filed in the Northern District of California, its home district. Apparently not liking the judge it drew, it abruptly and without warning dismissed its complaint less than a month before Defendants' responses were due. In the meantime, the Michigan Plaintiff Stars and Stripes filed its virtually identical complaint in this Court, and Fusion Elite then refiled the identical complaint from California in this Court.

Courts have not hesitated to grant motions to transfer in similar circumstances. For example, in *Emerson v. Toyota Motor North America, Inc.*, No. 14-cv-02842-JST, 2014 WL 6985183 (N.D. Cal. Dec. 9, 2014), the plaintiff filed her complaint in the Central District of California but, like here, dismissed the action after the judge was assigned. Six days later, the plaintiff refiled in the Northern District of California. In granting the defendants' motion to transfer the case back to the Central District of California, the court noted that "[j]udge shopping is a practice that abuses the integrity of the judicial system by impairing public confidence in the impartiality of judges. If this Court were to [deny the motion], that would only exacerbate the appearance of impropriety Plaintiff has injected into this litigation by dismissing the Central District complaint and then re-filing a nearly-identical complaint in this District." *Id.* at *3; *see also Dress*, 386 F. Supp. 3d at 184 (granting transfer where plaintiff's husband had filed and dismissed a previous action in another district with a "nearly verbatim" complaint); *M&N Plastics*, 997 F. Supp. 2d at 26–27 (granting transfer in similar circumstances).

**B.     The Public Factors Are Neutral or Weigh in Favor of Transfer**

Most of the public factors are neutral or, in the case of factor 6 ("the familiarity of the trial judge with the applicable state law in diversity cases") not relevant. Factor 2—"practical

considerations that could make the trial easy, expeditious, or inexpensive" —however, weighs in favor of the Western District of Tennessee because the witnesses are all or almost all located there, which will make a trial much easier and expeditious and, comparatively speaking, less expensive than a trial in the Eastern District of Pennsylvania where all parties and witnesses would be inconvenienced.  Court congestion (factor 3) also points to the Western District of Tennessee.  As of March 31, 2020, 20.1% of the cases in the Eastern District of Pennsylvania were more than 3 years old and cases on average took nearly 20 months from filing to trial.  In the Western District of Tennessee on that date only 11.5% of cases were over 3 years old with an average of 18 months from filing to trial.[3]

### C.    The Cases Should be Transferred to the Western District of Tennessee

The balance of the factors plainly favors transfer.  *See, e.g., All in One Networking*, 2019 WL 481172 at *3 (ordering transfer where the public factors and many of the private factors were neutral but "the remaining private factors (minus one) weigh[ed] heavily in favor of transfer").  As in *All in One Networking*, the *only* factor that does not favor transfer is "Plaintiff preferring this Court," which is "by no means dispositive."  *Id.*  And, as discussed above, it is particularly unimportant here given that Plaintiffs are not resident in this district, Plaintiffs seek to represent a nationwide class, and there are strong indications of forum- and judge-shopping.

### CONCLUSION

Defendants respectfully request that the Court grant their joint motion to transfer these cases to the Western District of Tennessee.

---

[3] United States District Court – National Judicial Caseload Profile as of March 31, 2020, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2020.pdf.

Dated: July 31, 2020                                    Respectfully submitted,


*/s/ Barbara O'Connell*                                 */s/ Antonio M. Pozos*
Barbara O'Connell (Pa. Bar #46461)                      Antonio M. Pozos (Pa. Bar #323968)
SWEENEY AND SHEEHAN, PC                                 FAEGRE DRINKER BIDDLE & REATH
1515 Market Street                                      LLP
Suite 1900                                              One Logan Square, Suite 2000
Philadelphia, PA 19102                                  Philadelphia, PA 19103
Phone: (215) 563-9811                                   Phone: (215) 988-2700
Fax: (215) 557-0999                                     Fax: (215) 988-2757
Barbara.Oconnell@SweeneyFirm.Com                        antonio.pozos@faegredrinker.com


Grady Garrison (*pro hac vice* motion                   George S. Cary (*pro hac vice* motion
forthcoming)                                            forthcoming)
Nicole D. Berkowitz (*pro hac vice* motion              Mark W. Nelson (*pro hac vice* motion
forthcoming)                                            forthcoming)
BAKER, DONELSON, BEARMAN,                                Alexis Collins (*pro hac vice* motion
CALDWELL & BERKOWITZ                                    forthcoming)
165 Madison Avenue, Suite 2000                          Steven J. Kaiser (*pro hac vice* motion
Memphis, TN 38103                                       forthcoming)
Phone: (901) 526-2000                                   CLEARY GOTTLIEB STEEN &
Fax: (901) 577-0866                                     HAMILTON LLP
ggarrison@bakerdonelson.com                             2112 Pennsylvania Avenue, NW
nberkowitz@bakerdonelson.com                            Washington, DC 20037
                                                        Phone:  (202) 974-1500
*Attorneys for U.S. All Star Federation, Inc.*          Fax:  (202) 974-1999
                                                        gcary@cgsh.com
                                                        mnelson@cgsh.com
                                                        alcollins@cgsh.com
                                                        skaiser@cgsh.com


                                                        *Attorneys for Varsity Brands, LLC;*
                                                        *Varsity Spirit, LLC; Varsity Spirit Fashion*
                                                        *& Supplies, LLC*